## MOORE v. GALEY.　(No. 2612.)

(Court of Civil Appeals of Texas. Amarillo.
June 23, 1926.)

**Automobiles ☞19.**

Sale of second-hand automobile by dealer without compliance with Vernon's Ann. Pen. Code Supp. 1922, arts. 1617¾d–1617¾f, relative to registration, *held* not void.

Appeal from Lubbock County Court; Chas. Nordyke, Judge.

Suit by John H. Moore, doing business under the trade-name of the Lubbock Buick Company, against R. M. Galey. Judgment for defendant, and plaintiff appeals. Reversed and remanded.

Pearce, Stewart & Triplett, of Lubbock, for appellant.

L. A. Howard, of Lubbock, for appellee.

JACKSON, J. This suit was instituted by John H. Moore, appellant, doing business under the trade-name of Lubbock Buick Company, against R. M. Galey, appellee, on a promissory note given by appellee to appellant in part payment for a second-hand automobile, and to foreclose a mortgage lien given by appellee to appellant on said car to secure the payment of the purchase-money note. The appellee answered by general demurrer, special exceptions, general denial, and pleaded that the note and mortgage were given for the purchase price of a second-hand automobile, and that at the time of the purchase·appellant had no title thereto, and

that the note and mortgage sued upon were void, for the reason that they were based upon an illegal transaction, made in violation of both the civil and penal laws of the state of Texas.

In a supplemental petition, in reply to appellee's answer, appellant alleged that at the time he sold the car to appellee he was in possession of the license receipt for the current year, and that he then and there executed the proper bill of sale in duplicate, and delivered them, together with said license receipt, to appellee, but on the request of appellee he put them in his safe until they should be called for. The case was tried before the court without the aid of a jury, and on the conclusion of the testimony he rendered judgment against appellant.

The court in his judgment finds that appellee admitted the execution of the note for one Buick Six touring car, and the execution of a mortgage thereon to secure the payment of the note; that the automobile was purchased by appellant from one E. S. Parks as a second-hand car, and that he received bills of sale and a license receipt, showing that the license had been paid for the current year; that said car had never been registered in the name of appellant, who had failed to pay the transfer fee to the tax collector for the registration of the car in his name; that appellant was in possession of the license receipt from E. S. Parks at the time of the sale to appellee, and offered to deliver to him the bills of sale received from E. S. Parks, and the license receipt showing that the automobile was registered in the name of E. S. Parks, and the current license paid. He also offered bills of sale from appellant to appellee, but did not offer or present a certificate from the tax collector, showing that the $1 transfer fee had been paid by him for the transfer of the car to him by E. S. Parks, and that the automobile had been registered in his name.

Appellant assigns as error the action of the court in denying him a recovery upon the note and the foreclosure of the mortgage, because the record discloses that the transaction between him and appellee was not in violation of law. The findings of the court, which are supported by the evidence, disclose that appellant purchased a second-hand car from E. S. Parks, received duplicate bills of sale therefor, with the collector's receipt showing that the license fee for the current year had been paid, but that he failed to present to the tax collector one of the duplicate bills of sale, pay the $1 registeration fee, and have the automobile registered in his name; that this had not been done at the time of the sale to appellee, nor at the time of the trial of the case.

The court evidently refused appellant a recovery under authority of decisions of sev-eral of the Courts of Civil Appeals of this state, holding the sale of any second-hand automobile by a dealer therein, without a compliance with Vernon's Ann. Pen. Code Supp. 1922, arts. 1617¾d, 1617¾e, and 1617¾f, to be null and void. In Hennessy v. Automobile Owners' Ins. Ass'n, 282 S. W. 791, the Commission of Appeals, in an opinion by Judge Bishop, approved by the Supreme Court of the state, holds that such transactions are not void, and that decision is decisive of the questions presented in this case.

The judgment is therefore reversed, and the cause remanded. The original opinion is withdrawn, and this substituted therefor.